UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

GIOVANNI CHAVEZBERRIOS,            )
                                   )
            Plaintiff,             )
                                   )
      v.                           )     No. 1:25-cv-00300-SEB-MJD
                                   )
MHH SERVICES, LLC Clerk's Entry of Default    )
entered 7/25/2025,                 )
MYLIAH ESCO Clerk's Entry of Default entered  )
7/25/2025,                         )
                                   )
            Defendants.            )

## ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

On February 13, 2025, Plaintiff Giovanni Chavezberrios ("Mr. Chavezberrios") brought this action against his former employers, Defendants MHH Services, LLC ("MHH") and Myliah Esco ("Ms. Esco") (together, "Defendants"), to recover unpaid regular and overtime wages, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Indiana Wage Claims Statute ("IWCS"), Ind. Code § 22-2-9 *et seq.* Dkt. 1. On July 25, 2025, the Clerk entered a default against MHH and Ms. Esco, reflecting their failure to appear or otherwise defend in this litigation. Dkt. 20. Now before the Court is Mr. Chavezberrios's Motion for Default Judgment, filed pursuant to Federal Rule of Civil Procedure 55(b). Dkt. 21. For the reasons stated below, that motion is **GRANTED**.

## I.    Background

Defendant MHH is an Indiana limited liability company whose sole member is Myliah Esco. For approximately six weeks, from July 5, 2023, through August 23, 2023, Mr. Chavezberrios was employed by MHH and Ms. Esco as a home health aide working

1

ten-hour shifts seven days a week and earning a regular hourly wage of $15.00. Over the course of Mr. Chavezberrios's employment, he accumulated a total of 120 overtime hours for which he was compensated at his regular hourly rate of $15.00. Chavezberrios Aff. ¶¶ 8–9, dkt. 21-2 at 2–4 (including exhibits of earnings statements). Additionally, from August 7, 2023, through his August 23, 2023, employment separation, Mr. Chavezberrios worked 170 hours (including 60 overtime hours) for which he was paid neither his regular nor any overtime wages.

On May 20, 2024, the Indiana Attorney General referred Mr. Chavezberrios's IWCS claim to private counsel, pursuant to Indiana Code § 22-2-9-4. *See St. Vincent Hosp. & Health Care Ctr., Inc. v. Steele*, 766 N.E.2d 699, 705 (Ind. 2002) (holding that the IWCS applies to involuntarily terminated employees and requires plaintiffs to submit claims to the Indiana Department of Labor before filing suit). Several months thereafter, in February 2025, Mr. Chavezberrios filed this lawsuit seeking to recover his unpaid regular and overtime wages, liquidated damages, and attorney fees and costs under federal and state law.

After filing suit, Mr. Chavezberrios has twice attempted to effect service upon Ms. Esco (who is also MHH's registered agent) utilizing certified mail before ultimately resorting to a process server to hand deliver an alias summons. Dkt. 10. Thereafter, Mr. Chavezberrios's counsel attempted to effect service at a third potential address. *See* dkt. 13. After these efforts proved unavailing, on June 8, 2025, Mr. Chavezberrios requested service through the Indiana Secretary of State. *See* Ind. Tr. R. 4.6, 4.10; *see also Munster v. Groce*, 829 N.E.2d 52, 60–61 (Ind. Ct. App. 2005) (holding that constructive service through the

2

Secretary of State is "constitutionally effective" if plaintiff exercised "due diligence to ascertain the defendant's current whereabouts . . . and service through the Secretary . . . was reasonable under the circumstances"). On June 17, 2025, the Secretary of State filed an affidavit indicating "the summons and a copy of the complaint were not mailed because no address was available" for either MHH or Ms. Esco. Dkt. 17 at 11, 20.

The Clerk of Court thus entered a default against Defendants on July 25, 2025. Dkt. 20. Approximately three months later, Mr. Chavezberrios moved for default judgment. Dkt. 21. That motion is ripe for ruling.

## II.    Liability

Federal Rule of Civil Procedure 55 outlines the two stages of a default proceeding: "the establishment of the default, and the actual entry of a default judgment." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). The "effect of an entry of default (step one) is that 'upon default, the well-pleaded allegations of a complaint relating to liability are taken as true.' " *VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016) (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)) (internal alterations omitted). The second step, entry of a default judgment, establishes as a matter of law that the defendant is liable to the plaintiff on each cause of action alleged in the complaint. *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007).

Here, as previously noted, a default was entered against Defendants on July 25, 2025. Dkt. 20. Thus, in entering a default judgment, we accept the allegations in the Complaint as true for purposes of establishing Defendants' liability. Fed. R. Civ. P. 55(b).

3

### III.    Damages

In a motion for default judgment, a plaintiff's allegations of damages are "not deemed true"; rather, "[t]he district court must . . . conduct an inquiry . . . to ascertain the amount of damages with reasonable certainty." *In re Catt*, 368 F.3d at 793 (internal citations omitted). Such an inquiry may be accomplished without a hearing if "the amount is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Dundee Cement Co.*, 722 F.2d at 1323.

Here, Mr. Chavezberrios seeks unpaid overtime and regular wages, liquidated damages, and attorney fees and costs, which can be calculated based on his proffered documentary evidence, thereby avoiding the need for a hearing.

### A.    Damages under the FLSA

An employer who violates the FLSA's overtime provisions "shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages. 29 U.S.C. § 216(b). The FLSA entitles employees to overtime compensation at one and one-half times their regular hourly pay for any hours worked in excess of forty per week. *Id.* § 207(a)(1).

Mr. Chavezberrios asserts in his motion that he worked 120 overtime hours for which he was compensated at his regular hourly rate of $15.00, rather than at the one-and-one-half premium rate required by federal law. Thus, he is entitled to remuneration for his overtime hours at the premium rate in the amount of **$900.00** (120 x $7.50). Additionally, Mr. Chavezberrios is owed **$1,350.00** (60 x $22.50) in overtime wages for the sixty uncompensated overtime hours he worked in August 2023.

4

The FLSA also authorizes an award of liquidated damages in an amount equal to the total unpaid wages. 29 U.S.C. § 216(b). "A court may choose not to award liquidated damages only when the employer proves it acted in good faith and with reasonable grounds to believe that its actions did not violate the FLSA." *Hutnick v. Express Ride Inc.*, No. 1:18-cv-03801-SEB-TAB, 2020 WL 2128571, at *3 (S.D. Ind. May 5, 2020). Due to Defendants' failure to respond or even to appear in this matter, they have failed to make such a showing; therefore, we find that Mr. Chavezberrios is entitled to liquidated damages in the additional amount of **$2,250.00** ($900 + $1,350), thereby effectively doubling his damages. *See Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 405 (7th Cir. 1999) ("Doubling is the norm, not the exception."). Altogether, Mr. Chavezberrios's FLSA damages equal the sum of **$4,500.00**.

### B.   Damages under the Indiana Wage Claim Statute

Because Mr. Chavezberrios's IWCS claim was referred to private counsel by the Indiana Attorney General, he is entitled to an award of statutory damages encompassing his unpaid wages and liquidated damages. Ind. Code §§ 22-2-9-4(b), 22-2-5-2. Concerning the 110 hours for which Defendants failed to pay Mr. Chavezberrios his regular wages, Mr. Chavezberrios is entitled to **$1,650.00** (110 x $15.00).

When an employer is determined not to have acted in good faith, IWCS plaintiffs are entitled to an award of liquidated damages equal to twice their unpaid wages. Ind. Code § 22-2-5-2. In fact, these damages are "mandatory." *Valadez v. R.T. Enters., Inc.*, 647 N.E.2d 331, 333 (Ind. Ct. App. 1995). Because Mr. Chavezberrios is due a total of $3,900 in unpaid regular *and* overtime wages ($900 + $1,350 + $1,650), he maintains that his

liquidated damages under the IWCS amount to $7,800 ($3,900 x 2). In effect, Mr. Chavezberrios has conflated his statutory remedies by incorporating overtime wages, which he seeks to recover under the FLSA, with his request for liquidated damages under the IWCS, thereby maximizing his total recovery in this litigation.[1] However, beyond the barebones assertion that IWCS's definition of "wages" encompasses "all amounts" owed, Mr. Chavezberrios does not cite any legal authority allowing prevailing plaintiffs to cut and paste their statutory remedies in such a manner. Given that Mr. Chavezberrios's recovery under the IWCS pertains solely to his unpaid *regular* wages, we shall calculate his liquidated damages accordingly. Therefore, we hold that Mr. Chavezberrios is allowed an award of **$3,300.00** ($1650 x 2) in liquidated damages under the IWCS. *See Poff v. Quick Pick, LLC*, No. 2:15-cv-405-LJM-MJD, 2017 WL 1509313, at *2 (S.D. Ind. Apr. 27, 2017) (awarding liquidated damages under the Indiana Wage Payment Statute in default judgment).

Mr. Chavezberrios's damages under the IWCS total the sum of **$4,950.00**.

## C.    Defendants' Joint and Several Liability

We briefly address Mr. Chavezberrios's request that judgment be entered against MHH and Ms. Esco "jointly and severally." Under the FLSA, an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an

---

[1] In the concluding paragraph of his Motion for Default Judgment, Mr. Chavezberrios does not restate his request for liquidated damages under the FLSA, despite his explicit enumeration of such damages elsewhere in his submission. Dkt. 21 at 5, 8. Thus, Mr. Chavezberrios does not appear to be seeking double recovery, which would not be permitted in any event. *Murphy v. Smith*, 864 F.3d 583, 587 n.1 (7th Cir. 2017) ("The plaintiff may not win a double recovery for the same injury . . . .").

employee." 29 U.S.C. § 203(d). "The word 'employer' is defined broadly enough in the Fair Labor Standards Act . . . to permit naming another employee . . . as defendant, provided the defendant had supervisory authority over the complaining employee and was responsible in whole or in part for the alleged violation." *Riordan v. Kempiners*, 831 F.2d 690, 694 (7th Cir. 1987). Thus, "an individual who controls corporate operations and the terms and conditions of employees' employment" qualifies as an "employer" under the FLSA. *McLaughlin v. Lunde Truck Sales, Inc.*, 714 F. Supp. 920, 923 (N.D. Ill. 1989).

The IWCS similarly defines an "employer" as "every person, firm, partnership, association, corporation, limited liability company, receiver, or other officer of any court of this state, and *any agent or officer of any of the above mentioned classes*, employing any person in this state. Ind. Code § 22-2-9-1(a) (emphasis added).

Here, Mr. Chavezberrios alleges that Ms. Esco was MHH's manager and sole member and that she exerted control over MHH's payroll practices by deciding Mr. Chavezberrios's hourly wages as well as the frequency of his pay. These averments are sufficient to establish that Ms. Esco was his employer for purposes of assessing her joint and several liability under the FLSA and the IWCS.

### D.    Attorney Fees & Costs

Both the FLSA and the IWCS provide that a plaintiff may recover attorney fees and costs. 29 U.S.C. § 216(b); Ind. Code § 22-2-5-2. To determine the amount of a reasonable attorney fees, we apply the "lodestar" method, which entails multiplying the hours reasonably expended on the litigation by the reasonable hourly rate. *Johnson v. GDF, Inc.*,

7

668 F.3d 927, 929 (7th Cir. 2012) (citing *Pickett v. Sheridan Health Care*, 664 F.3d 632, 639–40 (7th Cir. 2011)).

Here, Mr. Chavezberrios has requested $8,605.00 for the work of one attorney and one paralegal at Weldy Law, a law firm located in Fishers, Indiana. The requested attorney fees represent legal services of attorney Ronald Weldy ("Mr. Weldy") from May 2024, when Mr. Chavezberrios retained legal counsel, to October 2025, when Mr. Chavezberrios filed the instant motion for default judgment. Mr. Chavezberrios's counsel billed a total of 14.1 hours, calculated as follows: 12.7 attorney hours at an hourly rate of $650.00; and 1.4 paralegal hours at an hourly rate of $250.00. These hours and rates are supported by Mr. Weldy's affidavit attesting to the hours he worked on this matter along with a copy of his billing invoice to the client. Dkt. 21-1.

"A reasonable hourly rate should reflect the attorney's market rate, defined as 'the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question." *Small v. Richard Wolf Med. Instruments Corp.*, 264 F.3d 702, 707 (7th Cir. 2001). To demonstrate that a $650 hourly attorney rate is reasonable, Mr. Weldy states that he is a solo practitioner who began practicing law in 1998 with a concentration in employment law since 2004. Mr. Weldy cites his extensive experience arguing employment cases before the Indiana Supreme Court as well as the Seventh Circuit Court of Appeals. According to him, his $650 hourly rate is comparable to that charged by partners at other Indianapolis law firms, such as Barnes & Thornburg LLP

and Taft Stettinius & Hollister LLP, who charge $590.00 and $645.00 per attorney hour, respectively, for employment-related matters.[2]

Having reviewed Mr. Weldy's affidavit as well as awards of attorney fees in similar wage-and-hour cases from this district, we conclude that the record fails to demonstrate the reasonableness of a $650.00 hourly attorney rate in this case. Although Mr. Weldy avers that Indianapolis employment attorneys have been awarded fees at comparable rates, he neither cites to any such decisions nor does he demonstrate that the facts and circumstances of those cases resemble those at bar, which involve only the straightforward procedures pertaining to the entry of default judgment in a wage-and-hour dispute. *See Harper v. City of Chicago Heights*, 223 F.3d 593, 604 (7th Cir. 2000) ("[A]n attorney's self-serving affidavit alone cannot establish the market rate for that attorney's services . . . .").

Likewise our own research has yielded no support for an attorney fees rate as requested here. To the contrary, recent decisions from this district show that Mr. Weldy has previously sought and received, at most, a $400 hourly rate for his success in representing a client in a similar wage and hour litigation. *Turentine v. Am. Glob. Mgmt., LLC*, No. 1:19-cv-01753-JPH-DLP, 2020 WL 551115, at *2 (S.D. Ind. Feb. 4, 2020); *see also Cramer v. Truth Treatment Centers LLC*, No. 1:24-cv-00313-JPH-MJD, 2024 WL 3520372, at *2 (S.D. Ind. July 23, 2024) (awarding $325 per hour to an Indianapolis solo practitioner with similar professional experience in an almost identical factual scenario). Given previous attorney fee awards permitted in this district, we shall reduce counsel's hourly rate to

---

[2] Mr. Weldy references a copy of a "Taft Attorney Bill," which he allegedly attached. Dkt. 21-1 at 2. No such exhibit is attached, however.

**$450.00**, which provides a reasonable increment for inflation and is commensurate with that found to be reasonable in our district for similar work.

Regarding the (unnamed) paralegal's $250.00 hourly rate in this case, Mr. Chavezberrios adduces no evidence of reasonableness beyond Mr. Weldy's averment that Hoover Hall Turner, another Indianapolis law firm, charges $270.00 for its paralegal services. Dkt. 21-1 at 2. We know, however, that the $250 hourly rate requested here far exceeds that typically awarded for paralegal services in this district. *See, e.g.*, *Equal Emp. Opportunity Comm'n v. Exch. Pub + Kitchen*, No. 4:24-mc-00001-SEB-KMB, 2025 WL 1768004, at *3 (S.D. Ind. June 25, 2025) (awarding $125 per paralegal hour); *Purnell v. Long Elec. Co., Inc.*, No. 1:22-cv-02426-SEB-MJD, 2025 WL 1696866, at *5 (S.D. Ind. June 17, 2025) (awarding $150 per paralegal hour); *Trs. of Indiana Elec. Workers Pension Tr. Fund v. Summit Elec. Co. LLC*, No. 1:24-cv-01384-SEB-TAB, 2025 WL 985814, at *3 (S.D. Ind. Apr. 2, 2025) (awarding $125 per paralegal hour). Because Mr. Chavezberrios has failed to substantiate the reasonableness of the $250.00 paralegal rate to this case, we shall reduce the compensable paralegal hourly rate to **$150.00**.

With these adjustments to counsel's fees requests, we shall award as attorney fees the amount of **$5,925.00** (($450 x 12.7) + ($150 x 1.4)), which is reasonable and proportional to the total award of damages as well as the work undertaken thus far to recover unpaid wages from MHH and Ms. Esco. Additionally, we hold that Mr. Chavezberrios is entitled to **$385.55** as reimbursement for the filing fee required to initiate this action, postage, and expenses related to service through the Secretary of State. Dkt. 21-1 at 5–6.

## CONCLUSION

For the reasons outlined above, Mr. Chavezberrios's Motion for Default Judgment [Dkt. 21] is **GRANTED** as follows: Mr. Chavezberrios is awarded **$4,500.00** against both Defendants, jointly and severally, for his FLSA overtime claim; **$4,950.00** against both Defendants, jointly and severally, for his IWCS claim; and **$6,310.55** in attorney fees and costs against both Defendants.

IT IS SO ORDERED.

Date:
       4/13/2026

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Ronald E. Weldy
WELDY LAW
rweldy@weldylegal.com